[Filed November 30, 1885.]

## I. S. HURST *v.* D. W. BURNSIDE.

QUESTIONS OF FACT—VERDICT OF JURY—ERROR TO BE CLEARLY SHOWN.—When the issue between the parties is mainly one of fact, the court ought not to disturb the finding of the jury, unless it is clearly shown that error was committed at the trial.

WITNESS—INTEREST—VALUE OF TESTIMONY.—Whether or not a witness attended the trial in obedience to a subpœna, or whether his fees were tendered him, or what distance he traveled to attend, are questions of no importance in determining the value of his testimony; and the jury would not be justified in drawing any inference therefrom, *aliter*, perhaps, as to whether he attended voluntarily.

ARGUMENT—LIMITING TIME FOR.—A statute providing that the whole time occupied in the argument of a cause shall not exceed two hours on either side, unless the court for special reasons shall otherwise permit, it is not error for the court against the will of a party to limit the argument to a shorter time. That statute is only a limitation upon the power of the court to extend the time for argument, unless for special reasons.

DAMAGES—CONTRIBUTORY NEGLIGENCE—INSTRUCTION TO JURY.—In an action for damages to an employee by reason of alleged defects in the machinery of a mill, it is not error to charge that "if the plaintiff knew the position, condition, and character of the machinery by which he was injured, and could reasonably have avoided the danger by approaching the same from the outward revolutions of the gear, and did not do so because he did not think or look, he was guilty of negligence precluding recovery. It was the duty of plaintiff when approaching machinery about which he was employed to both think and look, in order to avoid injury from such machinery, and if you find from the evidence that the injury sustained by plaintiff was received by reason of his failure to think or look as to what he was doing, he was guilty of such negligence as precludes recovery."

ID.—PRAYER FOR INSTRUCTIONS—FAILURE TO INSTRUCT.—Where the plaintiff claims that the facts showed an emergency which required such prompt and speedy action as would excuse him in a failure to exercise the same care and forethought that would ordinarily be required of a prudent man under similar circumstances, it is his duty to ask for an instruction appropriate to that theory of the case. Failing to do so it is not error in the court to omit to charge the jury upon that theory.

ID.—In every case the true test as to whether a party is chargeable with negligence is, whether the act was such that a man of ordinary prudence would have done it under all the circumstances.

*A. S. Bennett,* for Appellant.

The objection to the instructions which we urge is that the court thereby charged the jury that the mere failure upon the part of plaintiff to think or look at what he was doing, would be such negligence upon his part as would absolutely defeat his recovery, without regard to the other circumstances of the case. The evidence showed that the plaintiff was comparatively inexperienced in mills; that he had been told to approach the shaft in the way he did; that the machinery had been previously heating, and that he smelled burning oil, and was in a great hurry to ascertain which shaft was heating at this particular time. The court had no right to take all these circumstances away from the jury and say to them, that if in the excitement of the moment he permitted his eyes to wander off to see if the oil was not dripping from some other shaft, that that was conclusive evidence of negligence. (*Wheeler* v. *Town of Westport,* 30 Wis. 413; *Meyers* v. *I. St. L. & R. Co.* 1 N. E. Rep. 899.) The inferences to be drawn from undisputed facts as well as the facts themselves are ordinarily for the jury. (*Sioux City & P. R. Co.* v. *Stout,* 17 Wall. 657; *Crissey* v. *H. M. & F. P. R. Co.* 75 Pa. St. 83; *Westchester & R. R. Co.* v. *McElwe,* 67 Pa. St. 311; *Penn. Canal Co.* v. *Bentley,* 66 Pa. St. 30; *Penn. R. Co.* v. *Barnett,* 59 Pa. St. 259; *P. & R. R. Co.* v. *Killips,* 88 Pa. St. 412; *Gaynor* v. *O. C. & N. R. Co.* 100 Mass. 212; *Mayo* v. *B. M. & R. Co.* 104 Mass. 137; *Wheelock* v. *B. & A. R. Co.* 105 Mass. 203; *Ireland* v. *O. H. & S. P. R. Co.* 13 N. Y. 533; *Ernst* v. *H. R. R. Co.* 35 N. Y. 38; *Belton* v. *Baxton,* 58 N. Y. 411; *Thurber* v. *H. R. R. Co.* 60 N. Y. 331; *Marietta C. R. R. Co.* v. *Picksley* 24 Ohio St. 668.) And this is especially true where reasonable men might draw different conclusions from the admitted facts. (*Thurber* v. *H. R. R. Co.* 60 N. Y. 331; *A. & H. R. R. Co.* v. *Bailey,* 11 Neb. 332; *Mares* v. *N. P. R. R. Co.* 21 N. W. Rep. 5; *Abbett* v. *C. M. & St. P. R. R. Co.* 30 Minn. 482; *Williams* v. *N. P. R. R. Co.* 14 N. W. Rep. 99; *Walsh* v. *O. R. & N Co.* 10 Oreg. 260.) It is assumed that twelve men drawn from the different vocations of the community at large can draw a safer and wiser conclusion from undisputed facts than a single judge. (*Railroad Co.* v. *Stout,* 17 Wall. 657; *Davis* v. *Utah N.*

*S. R. Co.* 2 Pacif. Rep. 521; *Solen* v. *V. & T. R. R. Co.* 13 Nev. 153; *Detroit & M. R. R. Co.* v. *Van Steinburg,* 17 Mich. 99; *Walsh* v. *O. R. & N. Co. supra.*)   Instructions which virtually take the question of negligence or contributory negligence from the jury are error.   (*Hynes* v. *S. F. & N. P. R. R. Co.* 4 Pacif. Rep. 30; *Meyers* v. *I. & St. L. R. Co.* 1 N. E. Rep. 899.)   A party is not held to the same degree of care in cases of emergency as at other times. (*Lowery* v. *Manhattan Co.* 1 N. E. Rep. 608.)   "If plaintiff's negligence is of a negative character, such as lack of vigilance, and was itself caused by or would not have existed, or no injury would have resulted from it, but for the primary wrong, it ought not in reason, and is not in law, to be charged to the injured one, but to the original wrong-doer."   (*W. S. & L. & P. R. Co.* v. *C. T. Co.* 23 Fed. Rep. 741.)   Slight negligence upon the part of plaintiff will not defeat recovery.   (*Ward* v. *M. & St. P. R. R. Co.* 29 Wis. 148; *Otis* v. *Janesville,* 47 Wis. 422; *Hughes* v. *County of Muscatine,* 44 Iowa, 775; *Dimond* v. *Henderson,* 47 Wis. 172; *Palmer* v. *D. L. & N. R. Co.* 22 N. W. Rep. 88; *Strong* v. *S. & P. R. Co.* 61 Cal. 328; *Robinson* v. *W. P. R. R. Co.* 48 Cal. 422, 423; *Dufour* v. *Central Pac. R. R. Co.* 7 Pacif. Rep. 771; *Mabley* v. *Kittleberger,* 37 Mich. 363; *C. & A. R. R. Co.* v. *Murray,* 62 Ill. 326; *I. & S. T. L. R. R. Co.* v. *Stables,* 62 Ill. 313.)   A bad charge can never be cured by a good one upon the same point.   (*T. W. & W. R. Co.* v. *Schuckman,* 50 Ind. 42; *Clem* v. *State,* 31 Ind. 480; *C. & A. R. R. Co.* v. *Murray,* 62 Ill. 326; *Kingen* v. *State,* 45 Ind. 518.)

*C. A. Dolph,* for Respondent.

We submit that neither the questions asked witness (Miller) tended to prove any ultimate fact material to plaintiff's case. A witness is as much bound to attend at the trial of a cause, if served by a constable, as if served by a sheriff, and he is under the same obligations if served by any other person, or accepts or acknowledges service of the subpœna as if served by either. The restriction of cross-examination on immaterial matters is not a subject of exception.   (*Hutchinson* v. *Methuen,* 1 Allen, 33; *Plato* v. *Kelly,* 16 Abb. Pr. 188; *Rand* v. *Inhabitants of*

*Newton*, 6 Allen, 38; *Commonw.* v. *Shaw*, 4 Cush. 593.)  It is
the duty of an employee working in the vicinity of machinery
to exercise his *thinking faculties;* if he fails to do so and is
injured in consequence thereof, he is guilty of such negligence
as prevents a recovery. (*Stone* v. *Oregon City Manuf Co.* 4
Oreg. 55; *Bruker* v. *Town of Covington*, 69 Ind. 33.)  Where,
as in this case, the plaintiff has been the actor in the affair in
which the injury was received, and his acts *per se* would indi-
cate negligence, he cannot recover without proof that he exer-
cised ordinary care. (*Walsh* v. *O. R. & N. Co.* 10 Oreg. 250;
*Grant* v. *Baker*, 12 Oreg. 329.)  The complaint alleges that the
accident occurred, because the *wheels were fastened upon the shafts
by keys, etc.*, an objection going to the original construction of
the mill.  It seems plain that under such circumstances plaint-
iff assumed whatever risk was incident to working about
machinery constructed in this particular manner, and that if the
same was in fact dangerous it became his duty to use the greater
care and diligence to avoid such danger. (*Mansfield Coal Co.*
v. *McEnery*, 91 Pa. St. 189.)  The master is under no higher
duty to provide for the safety of the servant than the servant
is to provide for his own safety.  We submit the following
authorities as fully sustaining the instructions assigned as error:
Thompson Negligence, § 15, p. 1008; *Walsh* v. *O. R. & N.
Co. supra; Jones* v. *Railroad Co.* 95 U. S. 439; *Pennsylvania
Co.* v. *Lynch*, 90 Ill. 333; *Stone* v. *Oregon City Woolen Mills,
supra; Galtz* v. *Winona R. R. Co.* 22 Minn. 55; *Devitt* v.
*Pacific R. R.* 50 Mo. 305.

THAYER, J.—Appeal from the Circuit Court for the county
of Multnomah, from a judgment rendered in an action brought
by the appellant against the respondent, to recover damages.

It is alleged in the complaint in said action, in substance,
that on the 11th day of March, 1883, and prior thereto, the
respondent was the owner of, and engaged in running and oper-
ating a flouring mill at Oregon City, Oregon; that on said date,
and for several weeks prior, the appellant was in the employ of
the respondent in and around the mill, as his servant to watch

the machinery thereof for a compensation to be paid therefor, and it was his duty to ascertain when said machinery was heating or required oil, and to oil it when necessary; that on said 12th day of March, 1883, and for a long time prior thereto, the machinery was out of repair, and in an unsafe and dangerous condition, and the wheels upon many of the shafts belonging to the machinery were fastened there by keys, which was an unnecessary, dangerous, and unsafe way of fastening them, and that said keys projected out from the ends of said shafts in an unnecessary and dangerous manner; that the respondent had notice of these matters, but had negligently, and with gross and wanton disregard of the safety of his employees generally, and of the appellant in particular, continued to operate said mill, and to permit said machinery to remain in such unsafe and dangerous condition; that on said date, and in consequence of said respondent's neglect in the premises, one of said keys caught appellant's hand while he was prudently and carefully performing his duties as such servant, and without fault upon his part, threw it between the wheels of said machinery, whereby it was injured to such an extent that he was obliged to have two of the fingers amputated, and for which he claimed general and special damages amounting to $10,000. The respondent, in his answer to the complaint, denied all the material allegations thereof, and alleged affirmatively that the injury was received in consequence of the appellant's own carelessness in the premises.

The issue between the parties involved mainly the questions, whether the respondent was guilty of negligence and carelessness in consequence of the condition of the mill at the time the affair occurred, and if so, was the appellant careless and negligent concerning the matter, and did his carelessness and negligence contribute to the injury? The evidence seems to have been conflicting as to whether the mill was in an unsafe and dangerous condition as alleged in the complaint, and as to whether the appellant was "prudently and carefully performing his duties as such servant" at the time he received the injury. The mill seems to have been in the same condition at the time the accident

happened that it was when the appellant commenced his term of service on the 1st of January preceding, though there was evidence tending to show that the respondent's superintendent had promised, upon appellant's complaining to him, to have it repaired as soon as he completed a contract they were then working upon, but did not. He subsequently, when appellant again complained to him, made another promise to remedy the defect.

The jury returned a verdict in favor of the respondent, upon which the judgment appealed from was entered. The grounds of error specified in the notice of appeal upon which the appellant relies in this court are the following: That the court erred in sustaining the respondent's objection to questions asked upon cross-examination by appellant's counsel to one T. C. Miller, a witness for the respondent, as follows: "Who, if any-one, served the subpœna upon you? State whether or not your fees were tendered you at the time the subpœna was served upon you. State what distance you came to attend as a witness in this case." And in the court's saying in connection therewith, in the presence of the jury, "that the jury would not be justi-fied in drawing any inference therefrom, even if the witness were shown to have attended without any subpœna being served upon him at all." Also in limiting the counsel for the appel-lant to an hour and a half in which to sum up the case to the jury, and in the court's giving certain instructions to the jury which will hereafter be noticed.

The case has been very thoroughly and ably presented upon both sides. The counsel for the appellant by his brief and argument has shown that he has investigated every phase of it with the closest scrutiny. Yet, after a full consideration of every question, I am inclined to the opinion that his points are not well taken. The real issue between the parties was one of fact, and the court ought not to disturb the finding of the jury unless it is clearly shown that error was committed at the trial.

The first ground of error cannot possibly be maintained, whether the witness, T. C. Miller, was subpœnaed by the party or by an officer, or was not formally subpœnaed at all, was of

no importance, nor whether any fees were tendered to him, nor the distance he came to attend as a witness. If he had come voluntarily in order to be a witness in the case, it might have shown a feeling of friendship for the party who called him; but that question was not asked him, and those that were asked him were entirely too remote to elicit any material fact. Suppose he had answered the question by saying "that no subpœna had been served upon him"; "that the respondent had requested him to attend, and that he consented to do so"; "that he had waived the formal service of subpœna." What possible discredit could it have cast upon his testimony? And the same inquiry may be made if he had answered that no fees were tendered him. I think the court concluded rightly "that the jury would not be justified in drawing any inference therefrom, even if the witness were shown to have attended without any subpœna being served upon him at all," and it might have added "without having required the prepayment of his fees."

The second ground of error, the limiting of the appellant's counsel to one hour and thirty minutes in which to argue the case to the jury, I believed to be more serious, as I had always entertained the view that the statute gave two hours on a side in such cases. It reads as follows: "Not more than two counsel on a side shall be allowed to address the jury on behalf of the plaintiff or defendant; and the whole time occupied on either side shall not exceed two hours unless the court, for special reasons, shall otherwise permit." (§ 194, subd. 4, Civ. Code.) But a careful observance of the language will show, I think, that the legislature did not intend to grant any definite time in which counsel might address the jury. It merely provided that the whole time occupied for that purpose should not exceed two hours on a side; and left in the court the power to permit, for special reasons, a longer time. The provision was a restriction upon the power of the court; it cannot permit any more time to be occupied than that, unless for special reasons. Courts at common law had the right to limit the time counsel should occupy in addressing the jury, and the statute confers the same right. It is included in the authority, "to control in

furtherance of justice, the conduct of its ministerial officers and all other persons in any manner connected with a judicial proceeding before it, in every matter appertaining thereto." (§ 848, subd. 5, Civ. Code.) The legislature, by the former section, limits the said time to two hours on a side, leaving in the court the right to extend it for good reasons; but it has not restricted the power of the court from limiting it still more. It has not interfered with the power of the court, except as before stated. The latter may allow counsel to occupy two hours on a side for the purpose mentioned, but it has no authority to permit them to occupy a longer time unless there are good reasons for so doing. Its power so far is restricted, but in no other particular. A trial might, and often does, take such a course that only a single question of fact is left for the consideration of the jury, and that may involve the credibility of but one witness; in such case it would require a great amount of patience upon the part of a *nisi prius* judge to be compelled to sit four hours and listen to the harangue of a garrulous counsel.

It was contended by the appellant's counsel that, irrespective of the statute, the Circuit Court, in view of the importance of the case, extent of the testimony, its contradictory character, and of the intricate points of law involved in it, abused its discretion in limiting the time as it did herein. However that may have been, as a matter of fact, it does not appear with sufficient certainty to justify our interference with the judgment. Though I would be much more satisfied with the proceeding, if the court had allowed counsel two hours upon a side, yet I must concede that the presiding judge had the better opportunity to determine that matter

The third assignment of error involves the correctness of the fifth and eighth instructions given by the Circuit Court to the jury. The following is a copy of the said instructions respectively: "Fifth. If you believe from the evidence that the plaintiff knew the position, condition, and character of the machinery by which he was injured, and could have reasonably avoided danger by approaching the same from the outward revolutions of the gear, and did not do so because he did not

think to look, then he was guilty of negligence precluding his recovery, and your verdict must be for the defendant."

"Eighth. It was the duty of plaintiff when approaching machinery about which he was employed, both to think and look in order to avoid injury from such machinery, and if you find from the evidence that the injury sustained by the plaintiff was received by reason of his failure to think or look as to what he was doing, he was guilty of such negligence as precludes his recovery, and your verdict should be for the defendant."

The complaint against these instructions is, that they were given without qualification; that the circumstances under which the appellant was situated at the time he approached the machinery to ascertain whether any of the shafts were heating, his inexperience, the machinery having been previously heating, the smell of burning oil, and the necessity of haste, were disregarded; that the evidence showed an emergency had arisen, and the court did not allow the jury to consider it; that it, in effect, took these circumstances from the jury. But it must be remembered that the evidence upon that point was conflicting; that there was evidence upon the side of the respondent which tended to show that the machinery in all respects was in good condition, and ordinarily safe; that the key did not project, and that it would not be dangerous if it did; that it was customary to permit such keys to project; that the general condition of the machinery was good; that the appellant should have approached the particular gearing from the other side, and that there was nothing to prevent him from so doing; that the appellant had made different statements in relation to the shaft after he got hurt, and, at some five or six different times, had told different persons that the accident was caused by his own carelessness, and that it would not have occurred if he had not been in such a hurry to get away, so as to have a few hours to himself, and his being in a hurry and thinking about something else at the time. It was doubtless in view of all the testimony that said instructions were given. The court did not assume, and it had no right to assume, the correctness of the testimony on either side. If that adduced by the appellant had been conceded to be true, there would, from

the appellant's standpoint, have been more ground for complaint.

It cannot be maintained that the instructions were erroneous as abstract propositions. The fifth one is to the effect, that if the appellant knew the position, condition, and character of the machinery by which he was injured, and could have reasonably avoided danger by approaching the same from the outward revolutions of the gear, and did not do so because he did not think or look, he was guilty of such a degree of negligence as to preclude his recovery. I think that is clearly maintainable as a correct proposition of law. The eighth one is to the effect that it was the duty of the appellant, when approaching machinery about which he was employed, both "to think and look" in order to avoid injury from such machinery, and if he received the injury by reason of his failure to "think or look" as to what he was doing, he was guilty of such negligence as precluded his recovery. That is also as it appears to me, a correct proposition of law, nor do I understand that the appellant's counsel controverts either of these conclusions; but he contends that under the peculiar circumstances of this case they are incorrect, because, he says, the evidence shows that the state of affairs before mentioned existed. He cannot, however, maintain that. The evidence adduced by the appellant may, and doubtless did, tend to show it, but the evidence of the respondent showed quite to the contrary.

It may be claimed that the court, admitting the correctness of the counsel's position, should have charged, that if the facts were as the appellant claimed, that the appellant did not "think or look" in consequence of the exigency of the case and the flurried condition of mind he was in, occasioned thereby, his failure to "think and look" would not be such negligence as would necessarily preclude his recovery, or, in other words, that the jury should take such facts and circumstances into consideration in determining whether the appellant was guilty of negligence or not. But the court was not asked to charge that, nor was the charge it gave necessarily inconsistent therewith, and the instructions referred to were not in and of themselves erro-

neous. If, therefore, the appellant's counsel is correct in his position regarding the law, in such a case it does not follow that the court committed error as alleged. This view of the case did not probably occur to the mind of the court. In the hurry and confusion attending a jury trial, the presiding judge cannot be expected to instruct in regard to every view in which the facts of a case may be considered, without having his attention directed to it. His neglect in that particular should not therefore be held to be error, where his attention was not directly called to the matter by an appropriate prayer for instructions. It is unnecessary to speculate upon the consequences that would have followed if such an instruction upon the point under consideration had been asked and refused. I am inclined to believe, however, that if the facts were as the appellant claimed, in regard to the condition of the mill and machinery, and that the other circumstances existed when the injury was received, the question of appellant's negligence should have been submitted to the jury, and been determined in view of those facts and circumstances. Whether a person in a certain affair has acted carelessly and imprudently or not, depends very much upon the condition in which he is placed. The same prudence and deliberation would not be expected from him in case a house was on fire as would be in ordinary occurrences. But the view we have taken of this matter renders it unnecessary to express any opinion upon that point. It is sufficient to determine that the two instructions considered were not erroneous as given, whatever might have been the case if prefaced as before suggested.

This court, in *Stone v. Oregon City Manuf. Co.* 4 Oreg. 52, held that the refusal of an instruction, similar in terms to the said two instructions, was error, and reversed the judgment. The court there said "that there is very little machinery in a woolen mill but what is dangerous to careless and thoughtless operatives; consequently, we hold that it was the duty of respondent, while engaged in working in the vicinity of such machinery, to exercise his thinking faculties, and give careful attention to the business in which he was engaged. If he failed

to do so, and was injured in consequence thereof, it was such negligence as contributed to his own injury, and would prevent his recovery in the action." This I believe to be the general rule in such cases, and it is decisive of the present question. If the facts and circumstances surrounding the affair in which the party received the injury were such as to excuse him from that degree of care and thoughtfulness a prudent man would ordinarily exercise, they should, I think, be taken into consideration by the jury in determining the question of the party's negligence; but where, as in this case, such facts and circumstances are controverted, and the court fail to call the attention of the jury to them, the counsel for the party should so frame the instruction desired as to secure their benefit in case they are found to exist. The true test as to whether the party is chargeable with negligence in such a case is, whether the act is such that a man of ordinary prudence would not have done it under all the circumstances.

The fourth and last ground of error this court is required to consider is the correctness of the seventh instruction given to the jury. The following is a copy of the said instruction :—

" 7. It is a general principle that a person cannot recover for an injury occasioned by the negligence of another, unless he himself is without negligence contributing to the injury of which he complains. If, therefore, you find from the evidence that the negligence, carelessness, or want of care, on the part of plaintiff, contributed to the injury of which he complains, he cannot recover in this action, and your verdict must be for the defendant."

The appellant's counsel contends that the instruction is incorrect, in not specifying the degree of negligence that must contribute to the injury, to prevent a recovery; that there are three degrees of negligence—slight, ordinary, and gross; and that a party may contribute slight negligence to the injury, and still recover on account of the negligence of the adverse party.

The instruction was evidently intended only to lay down the ordinary rule upon the subject, and the language employed is the same that is commonly used in stating the general principle which governs in such cases. The jury could not possibly have

been misled in consequence of any omission in the particular mentioned, even if it were necessary to make the distinction, as the next following instruction fully explained the degree of negligence required to be shown in order to defeat a recovery in the action. By the eighth instruction the jury were told as follows: "If you find from the evidence that the injury in question was caused by some negligence upon the part of the defendant, amounting to want of ordinary care, and that the plaintiff himself exercised ordinary care in the matter, then it would be no defense that the plaintiff might have avoided the injury by the utmost possible care. Extraordinary care on the part of the plaintiff is not required, and its absence would not excuse the defendant."

This fully served to explain the previous instruction in the respect mentioned, and it is idle to contend that the jury could have been misled upon the point. Besides, I do not concede that a party can recover in such a case when chargeable with any degree of negligence upon his part if it directly contributes to the injury. A person may be negligent in an affair and still recover on account of the negligence of another party, but not when his negligence is the proximate cause of the injury. The law does not enforce contribution between joint tort feasors. However slight the negligence upon the part of a plaintiff may be, if it be such that but for that negligence the misfortune could not have happened he cannot recover; but if the injury would have happened if his want of care had not contributed thereto, there may be a liability.

I am inclined to the belief that said instruction is correct, without any explanation. Affirmed.

WALDO, C. J., did not sit in this case.