Argued 17 October; decided 4 November, 1901.

### SHOBERT *v.* MAY.

[66 Pac. 466, 55 L. R. A. 810.]

RIGHT TO VERDICT OF JURY—NEGLIGENCE.

Under the Constitution of Oregon, Art. 1, § 17, providing that the right of trial by jury in all civil cases shall remain inviolate, the question of negligence must be left to the jury to determine, where the defendant has been put upon the defense, even though there may not be any conflict in the testimony.

From Multnomah: ARTHUR L. FRAZER, Judge.

Action in tort for personal injuries by Stephen Shobert against Levi May and others. There was a judgment for plaintiff, from which this appeal is taken.          REVERSED.

For appellants there was a brief over the name of *Dolph, Mallory, Simon & Gearin,* with an oral argument by *Mr. Rufus Mallory.*

For respondent there was a brief over the name of *Mitchell & Tanner,* with an oral argument by *Mr. Albert H. Tanner.*

Mr. JUSTICE MOORE delivered the opinion of the court.

This is an action to recover damages for a personal injury, alleged to have been caused by the defendant's negligence. The plaintiff's testimony is to the effect that on March 14, 1899, at about 5 o'clock P. M., he entered the defendants' hardware store at Portland to purchase some hinges, and being informed by a clerk that the desired articles might possibly be found in the second story, and directed to a stairway leading thereto, he proceeded in that direction, and, the day being cloudy, and having no warning of danger ahead, walked into an elevator well and fell to the cellar, breaking his leg, whereby he became permanently crippled. An employee of the defendants, as their witness, testified that the side of the elevator between which a wooden bar, one by six inches, placed about well into which the plaintiff walked has a post at each corner, three feet from the floor, is usually extended, but at the time of the injury, which was about 3 o'clock, one end of the bar was left resting on the floor. The trial having resulted in a judgment for the plaintiff in the sum of $1,500, the defendants appeal.

The court instructed the jury, as a matter of law, to the effect that under the facts admitted the defendants were guilty of negligence. An exception to this part of the charge having been reserved, it is contended by defendants' counsel that the court erred in taking from the jury the consideration of the question of alleged negligence, while plaintiff's counsel maintained that, the facts being admitted, the defendants' negligence is conclusively inferable therefrom, and, this being so, it was the duty of the court, as a matter of law, so to instruct the jury..

Negligence, as defined by this court, is a failure to exercise that degree of care and forethought which a prudent person might be expected to use under similar circumstances: *Hurst* v. *Burnside,* 12 Or. 520 (8 Pac. 888) ; *Cassida* v. *Oregon Ry.*

*& Nav. Co.* 14 Or. 551 (13 Pac. 438). The degree of care
necessary to be exercised under circumstances of the character
here adverted to is always commensurate with the danger inci-
dent to or reasonably to be apprehended from the instrumen-
talities used, and is measured by the extent of the legal duty
owing to the person who might sustain an injury from any
neglect in the use of such agencies. In the case at bar, the
defendants, having opened their store for the sale of goods,
thereby impliedly solicited patronage; and the plaintiff, hav-
ing accepted their invitation, was not a trespasser or mere
licensee, but was rightfully on the premises by invitation of
the defendants, who owed to him a legal duty, which demanded
reasonably safe arrangements for the protection of their cus-
tomers: *Camp* v. *Wood,* 76 N. Y. 92 (32 Am. Rep. 282); *Cor-
rigan* v. *Elsinger,* 81 Minn. 42 (83 N. W. 492). The plaintiff
denied that any bar obstructed the passageway to the elevator,
but, the defendants having offered testimony to that effect, it
must be considered, for the purpose of determining the conse-
quences of the instruction complained of. The bar placed at
the entrance of the elevator would undoubtedly have been suf-
ficient to prevent the defendants' customers from falling into
the well, if it had extended from one post to the other; and the
failure to keep it in position is not a total disregard of the duty
imposed upon the defendants by the demands of the business
in which they were engaged, for the bar being up at one end
evidences some degree of care. If it be assumed that, to facili-
tate the dispatch of business, the bar had been entirely re-
moved at the time plaintiff was injured, as he maintains it was,
the question of negligence should, in our judgment, have been
submitted to the jury, to determine whether, from a considera-
tion of all the circumstances, the defendants had exercised that
degree of care and forethought which the law requires. The
defendants having provided a bar to prevent injury to their
customers, thereby evidencing some care, at least, for their
welfare, it is not the province of a court, except upon a motion
for a judgment of nonsuit, or in pursuance of a request to in-
struct the jury to return a verdict for the defendant, to esti-

mate the degree of care which a prudent man should exercise: *Crook* v. *Jadis,* 5 Barn. & Adol. 909.    Lord Chief Justice TINDAL, illustrating this principle, in *Vaughan* v. *Menlove,* 3 Bing. N. C. *468, says: "The care taken by a prudent man has always been the rule laid down; and, as to the supposed difficulty of applying it, a jury has always been able to say whether, taking that rule as their guide, there has been negligence on the occasion in question." The testimony shows that the defendants' store is about fifty or sixty feet from front to rear, and that the elevator is situated at the rear end.    If the elevator were in the front part of the store, where customers usually congregate, the imminence of the danger reasonably to be apprehended would certainly require a greater degree of care to prevent injury than if it were placed in the rear of the building, where it could not reasonably be expected that customers would usually resort.

In *Philadelphia, etc. & R. Co.* v. *Spearen,* 47 Pa. 300 (86 Am. Dec. 544), Mr. Justice AGNEW, discussing this question, says: "There is no absolute rule as to negligence to cover all cases.    That which is negligence in one case by a change of circumstances will become ordinary care in another, or gross negligence in a third.    It is a relative term, depending upon the circumstances, and therefore is always a question for the jury upon the evidence, but guided by proper instructions from the court." If, therefore, there were no controversy in respect to the facts, and it was admitted, as the plaintiff testified, that the bar was entirely removed from the elevator well when he sustained the injury, we think the question of negligence should have been submitted to the jury for their consideration as to whether, in view of all the circumstances, the defendants had exercised that degree of care which the rules of law require.    "It by no means necessarily follows," says Mr. Justice JOHNSON in *Ireland* v. *Oswego, etc. Plank Road Co.* 13 N. Y. 526, "because there is no conflict in the testimony, that the court is to decide the issue between the parties as a question of law.    The fact of negligence is very seldom established by such direct and positive evidence that it can be taken from the

consideration of the jury and pronounced upon as a matter of
law. On the contrary, it is almost always to be deduced as an
inference of fact from several facts and circumstances dis-
closed by the testimony, after their connection and relation to
the matter in issue have been traced, and their weight and
force considered. In such cases the inference cannot be made
without the intervention of a jury, although all the witnesses
agree in their statements, or there be but one statement, which
is consistent throughout." To the same effect, see *Railroad
Co.* v. *Stout,* 84 U. S. (17 Wall.) 657.

There are to be found expressions of judicial utterance
which at first glance would seem to support the theory adopted
by the court. Thus, in *Gagg* v. *Vetter,* 41 Ind. 228 (13 Am.
Rep. 322), Mr. Justice BUSKIRK says: "The question of negli-
gence is one of mingled law and fact, to be decided as a ques-
tion of law by the court when the facts are undisputed or con-
clusively proved, but not to be withdrawn from the jury when
the facts are disputed and the evidence conflicting." In
*Louisville & P. Canal Co.* v. *Murphy,* 9 Bush. 522, it is said:
"When the facts are conceded upon which the question of
negligence is based, it then becomes a question of law as to
whether a case of negligence has been made out." Many ex-
cerpts to the same effect might be collated, but a careful exam-
ination of the cases from which they could be extracted will
show that in nearly every instance the language was intended
to apply either to a motion for a judgment of nonsuit, or upon
a request to instruct the jury to find for the defendant. In
other words, when the uncontradicted testimony and the only
inference deducible therefrom conclusively shows that the
plaintiff upon whom the burden of proof rests has not made
out a case of negligence sufficient to be submitted to the jury,
or if his negligence has contributed to the injury of which he
complains, the court may take the case from the jury and
decide the issue as a question of law. Mr. Chief Justice LORD,
in *Durbin* v. *Oregon Ry. & Nav. Co.* 17 Or. 5 (17 Pac. 5, 11
Am. St. Rep. 778), discussing this question, says: "It is true
that negligence is ordinarily a question of fact for the jury to

determine from all the circumstances of the case, and that the cases where a nonsuit is allowed are exceptional, and confined to those, as here, where the uncontradicted facts show the omission of acts which the law adjudges negligent.'' See, also, *McBride* v. *Northern Pac. R. Co.* 19 Or. 64 (23 Pac. 814); *Blackburn* v. *Southern Pac. Co.* 34 Or. 215 (55 .Pac. 225). This is as far as the rule ought reasonably to be extended, and in cases where the negligence of the defendant is to be determined, notwithstanding there may be no conflict in the testimony, that party, in our judgment, is entitled, under the organic law of the state (Const. Art. I, § 17), to the verdict of a jury, unless waived, to the effect that he has not exercised that degree of care that the law exacts under all the circumstances of the case, before he can be compelled to respond in damages.

Other exceptions were taken and allowed, but the matters excepted to, if prejudicial error was thereby committed, can probably be avoided at a retrial of the cause. For the error in giving the instruction complained of, the judgment is reversed, and a new trial ordered.                    REVERSED.