Argued April 7, decided April 28, 1914.

## REED v. WESTERN UNION TEL. CO.

(141 Pac. 161.)

**Jury—Right to Trial by Jury—Constitutional Provision.**

1. Article I, Section 17, of the Constitution, guaranteeing the right of trial by jury in civil cases, does not require in every case that all questions be submitted to the jury, notwithstanding a motion for nonsuit.

**Master and Servant—Injuries to Servant—Actions—Questions for Jury.**

2. Under Employers' Liability Act (Laws 1911, p. 17), Section 5, providing that, in an action to recover from an employer for injuries, the negligence of a fellow-servant shall not be a defense in case of an act done in obedience to orders from the employer or anyone having authority to direct the act, Section 1, requiring precautions by all owners altering or repairing any structure. and Section 2, making the manager or other person in charge the agent of the

employer in all suits for death or injuries of an employee, in an action for injuries caused by the fall of a pail of paint being used by a fellow-servant at the top of a telegraph pole while plaintiff was working at the foot, the question whether the fellow-servant's negligence caused the injury is for the jury, where the answer admitted that defendant was repairing its line and painting its poles, though there was no other evidence of negligence of the defendant.

[As to comparison of negligence under federal Employers' Liability Act, see note in Ann. Cas. 1914C, 175. As to employees entitled to protection under said act, see note in Ann. Cas. 1914C, 164.]

From Klamath: HENRY L. BENSON, Judge.

Department 2.    Statement by MR. JUSTICE EAKIN.

This is an action by George G. Reed against the Western Union Telegraph Company to recover for personal injuries. Plaintiff was in the employ of the defendant as a laborer. Defendant was repairing its telegraph poles along its line, resetting some of them in cement and painting them. Sellers, another employee, was painting the poles at the time of the injury, and was at the top of the pole in question for that purpose. Plaintiff was sent to the same pole to dig out the snow, ice and dirt at its base in order to prepare the hole for cement. While at that work a pail of paint used by Sellers at the top of the pole, and weighing about six pounds, through the carelessness and negligence of Sellers, fell and struck the plaintiff on the back, causing the injury complained of. At the close of plaintiff's case, defendant moved for a nonsuit, which was sustained, and the action dismissed.

Defendant, by its answer, set up several defenses: (1) That defendant furnished its employee (meaning Sellers) proper and safe instruments, etc., and that the falling of the paint bucket of which plaintiff complains was due to unavoidable and inevitable accident, which defendant could not, by the exercise of all due care, have prevented; (2) that plaintiff, in accepting

the employment, assumed the risk; (3) that the accident was due to the negligence of a fellow-workman. From an order allowing the motion, plaintiff appeals, and the ruling thereon is the ground of the assignments of error.    REVERSED AND REMANDED.

For appellant there was a brief over the names of *Mr. W. H. A. Renner* and *Mr. J. C. Rutenic,* with an oral argument by *Mr. Renner.*

For respondent there was a brief over the name of *Messrs. Stone & Gale,* with an oral argument by *Mr. Herbert D. Gale.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. Appellant argues that every question must be submitted to the jury under Article I, Section 17, of the Constitution, relying on the case of *Shobert* v. *May,* 40 Or. 68 (66 Pac. 466, 91 Am. St. Rep. 453, 55 L. R. A. 810), Mr. Justice MOORE wrote the opinion, which has no application to such a case as this; but the question arose, after the defendant had submitted its evidence, over an instruction to the jury.    It held:

"When the uncontradicted testimony, and the only inference deducible therefrom, conclusively shows that the plaintiff, upon whom the burden of proof rests, has not made out a case of negligence sufficient to be submitted to the jury, or if his negligence has contributed to the injury of which he complains, the court may take the case from the jury and decide the issue as a question of law. * * It is true that negligence is ordinarily a question of fact for the jury to determine from all the circumstances of the case, and that the cases where a nonsuit is allowed are exceptional, and confined to those, as here, where the uncontradicted facts show the omission of acts which the law adjudges negligent."

2. There is a feature of the case presented that entitled plaintiff to have the case submitted to the jury under the Employers' Liability Act (Sess. Laws 1911, p. 16). At the trial this question was presented, and it was urged that the injury was not one occurring under the statute, but must be considered under the common-law liability. Ignoring the statute, the ruling was right, as there was no evidence of negligence on the part of the defendant corporation under the common-law rule. By Section 5 of the statute the negligence of a fellow-workman shall not be a defense in certain cases. There was no fault in the appliances or implements, and the cause of the accident was occasioned by the falling of a bucket, and, if otherwise a question for the jury, they should have been permitted to determine whether the falling of the bucket was the result of the carelessness of Sellers in leaving it insecurely fastened or in letting it slip from his hand or its location. But Sellers was a fellow-workman, and, if the common-law rule applies to the defendant in such a case, it is not liable for the carelessness of a fellow-workman; if the case is to be considered under the statute, there was a question for the jury. Section 5 of the act, so far as necessary here, provides:

"In all actions brought to recover from an employer for injuries suffered * * the negligence of a fellow-servant shall not be a defense where the injury was caused or contributed to by any of the following causes, namely: * * The act of any fellow-servant done in obedience to * * instructions or orders given by the employer or any other person who has authority to direct the doing of the said act."

This is treated as applicable to acts covered by Section 1 of the law, which provides:

"All owners * * engaged in the * * alteration * * or painting of any * * structure shall see that * * all material * * shall be * * inspected; and generally,

all owners * * shall use every * * care and precau-
tion * * for the protection and safety of life and
limb.''

Section 2 provides:

''The manager, superintendent, foreman or other
person in charge or control of the construction or
works or operation, or any part thereof, shall be held
to be the agent of the employer in all suits for dam-
ages from death or injury suffered by an employee.''

The portion quoted from Section 5, *supra,* taken in
connection with the latter quotations from Sections
1 and 2, makes the owner responsible for injury re-
sulting to the workman in the repair of its telegraph
line, whether occasioned by the negligence of the owner
or of a fellow-workman. A defense where the injury
is contributed to by the act of a fellow-workman, per-
formed in obedience to instructions or orders given by
the employer or any one in authority, is precluded by
the terms of Section 5, namely: If the work of Sellers
was in obedience to instructions, and contributed to
the injury, the principal is liable. It is admitted by the
answer that the defendant was repairing its line and
painting its poles, so we are justified in assuming that
Sellers was on the pole painting it by the instructions
of the defendant or Gift, its foreman, and engaged in
work he was directed to perform. The fall of the
bucket was the result of his carelessness. Defendant
at the argument denies that conclusion, but securing
or holding the bucket was a detail of his work, and the
bucket could not have gotten away from him if properly
fastened or securely held. Sellers was a fellow-work-
man, for whose carelessness the defendant was charge-
able under the Employers' Liability Act. We think
the facts alleged in this case bring it within the law
of 1911 quoted, and it was error to grant a nonsuit:
See *Schulte* v. *Pacific Paper Co.,* 67 Or. 33 (135 Pac.

527), and *Browning* v. *Smiley-Lampert Lumber Co.,* 68 Or. 502 (137 Pac. 777).

The judgment of the lower court is reversed and the cause is remanded.          REVERSED AND REMANDED.

MR. JUSTICE BEAN, MR. JUSTICE MCNARY and MR. JUSTICE MOORE concur.  MR. CHIEF JUSTICE MCBRIDE not sitting.