Argued March 30, decided April 11, 1911.

## STEWART *v.* PORTLAND RY. L. & P. CO.

[114 Pac. 936.]

STREET RAILROADS — INJURIES — ACTIONS — JURY QUESTION — CONTRIBUTORY NEGLIGENCE.

1. As plaintiff approached defendant's street car track on which a car was coming some 50 or 55 feet distant, he saw two persons near the track, in a position usually taken by prospective passengers, one of them in fact being there to board the car, and if the car had stopped to take up such persons plaintiff could have crossed the track in safety, and he assumed that it would stop and attempted to cross the track, when he was struck by the car.   *Held,* that it was a question for the jury whether plaintiff was negligent in assuming that the car would stop, and continuing to cross the track.

NEGLIGENCE—INSTRUCTIONS—COMPARATIVE NEGLIGENCE.

2. In an action against a street car company for injuries sustained in a collision with plaintiff's wagon, the court instructed that if both parties were equally negligent—that is, if the company was guilty of negligence which contributed to the injury, and plaintiff was also negligent in a manner contributing thereto—he could not recover ; and also instructed that if the driver failed to look or listen before attempting to cross, "and such failure materially contributes to the resulting collision, the driver is guilty of contributory negligence" ; and further instructed that if plaintiff drove on the track without looking or listening to see whether a car was approaching, and by reason thereof he was injured, he was guilty of contributory negligence, and the jury should find for defendant, unless it might have avoided the collision by exercising ordinary care, or unless plaintiff had a right to assume that the car would stop for the passengers.   *Held,* that the instruction were erroneous as suggesting the doctrine of comparative negligence.

NEGLIGENCE—COMPARATIVE NEGLIGENCE.

3. The doctrine of comparative negligence does not obtain in Oregon.

NEGLIGENCE—LAST CHANCE DOCTRINE.

4. To make the last clear chance doctrine applicable, defendant must have negligently failed to avoid injuring plaintiff after learning of his danger.

STREET RAILROADS—INJURIES—NEGLIGENCE—VIOLATION OF ORDINANCE.

5. The violation of a speed ordinance in running a street car is only evidence of negligence, and not negligence *per se.*

From Multnomah: WILLIAM N. GATENS, Judge.

Statement by MR. JUSTICE McBRIDE.

This is an action by Robert T. Stewart against the Portland Railway, Light & Power Co., a corporation, to recover damages for an injury inflicted by a street car on defendant's railway colliding with an express wagon owned and driven by plaintiff, whereby the wagon was broken, one of plaintiff's horses killed, and plaintiff wounded and bruised. The evidence introduced by plaintiff tended to show that he was driving north on East Twelfth Street in the city of Portland, and that when at or about the intersection of East Twelfth Street with East Morrison Street he saw two men at the northeast corner of East Twelfth and East Morrison streets, standing near defendant's track, as persons usually do when they intend to take a car, and that about the same time he saw the car approaching from the east, about 50 or 55 feet distant. Assuming that the car would stop for them, he did not slacken his speed, but continued on across the track and was struck, resulting in the injuries. Plaintiff was driving in a slow trot. There was evidence tending to show that the car was being run at a speed of 15 or 20 miles an hour; the maximum speed permitted by city ordinances being 12 miles an hour. The answer denied negligence on the part of defendant, and charged plaintiff with contributory negligence in failing to look or listen for the approaching car, and in recklessly driving upon the track.

Among other instruction, the court gave the following, which were excepted to:

"(4) If you find from the evidence that the defendant was negligent in some particular that has been charged in the complaint (that is, the street railway company) which contributed to the injury, but that the plaintiff was also negligent in a manner contributing to the injury (that is, both parties being equally negligent), there can be no recovery.

"(5) It is the duty of a driver who is about to cross the street railway track to look and listen before attempting to cross, to see whether a car is approaching, and whether it is safe for him to attempt to cross, unless there is something in the circumstances of the case or in his surroundings which excuses him; and if he fails to look or listen before attempting to cross, and such failure materially contributes to the resulting collision, if any, and thereby the driver or his property is injured, he is guilty of contributory negligence.

"(6) If you find from the evidence that the plaintiff drove onto defendant's track without looking or listening to see whether a car was approaching, and that by reason of his failure to look and listen he drove onto the track in front of an approaching car and was injured, he is guilty of contributory negligence, and your verdict should be for the defendant, unless you find that the railway company might have avoided the collision by the exercise of ordinary care and promptness, or that the plaintiff had a right to assume from the appearance of the two men on the crosswalk that the car would stop to take them on."

The defendant also asked for the following instruction, which was refused:

"It is claimed in this case that the defendant was violating the speed ordinance at the time of this accident, to wit, going more than 12 miles an hour. You are to judge from all of the evidence at what rate the car was going at the time of the accident; but I instruct you that, even if the car was exceeding the speed limit provided for by ordinance, yet this is not conclusive evidence of the negligence of the defendant, but should only be considered by you in connection with the other facts in this case."

Other facts appear in the opinion.   Plaintiff had judgment, and defendant appeals.                REVERSED.

For appellant there was a brief over the names of *Messrs Wilbur & Spencer, Mr. Wilfred E. Farrell* and *Mr. Arthur M. Dibble,* with an oral argument by *Mr. Dibble.*

For respondent there was a brief over the names of *Mr. Edward Mendenhall, Mr. H. W. Strong* and *Mr. Frank Motter,* with an oral argument by *Mr. Strong.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. The first error assigned is the refusal of the court to direct a nonsuit at the close of plaintiff's evidence. It is claimed that the negligence of plaintiff in attempting to drive across the track in front of the car was so clearly demonstrated by his own testimony as to preclude a recovery. His testimony, which is corroborated, tends to show that two persons were near the track in the position usually taken by persons desiring to board a car, and one of them testifies that he was there with the intention of boarding this very car. The refusal to grant the nonsuit was not error. It was for the jury to say whether, under these circumstances, it was negligence on the part of plaintiff to assume that the defendant's servants would perform their duty to the public by stopping to take on these passengers, and, acting upon that assumption, to continue his way across the track. It is evident that, if the car had stopped for the purpose indicated, plaintiff would have crossed in safety.

2. The court erred in giving the instruction first quoted.

3. It suggests the doctrine of comparative negligence, which is not the law in this State. The second instruction is also faulty in the same respect. It attempts to apportion the relative negligence of the parties. The words "if such failure *materially* contributes to the resulting collision" are misleading, and not a correct statement of the law: *Hurst* v. *Burnside,* 12 Or. 532

(8 Pac. 888) ; *Root* v. *Des Moines Ry. Co.,* 122 Iowa 469 (98 N. W. 291). The other instructions quoted proceed upon the same theory that plaintiff could have been guilty of some degree of negligence, contributing to his injury, and yet recover. There is nothing in the pleadings, nor in the proof, to justify this position.

4. In order to invoke the "last clear chance doctrine," plaintiff must plead and prove that defendant, after perceiving the danger and in time to avoid it, negligently failed to do so: *Drown* v. *Northern Ohio Traction Co.,* 76 Ohio St. 234 (81 N. E. 327: 10 L. R. A. (N. S.) 421: 118 Am. St. Rep. 844). The evidence in this case shows that the plaintiff, probably assuming that the car would stop at the crossing in the customary way to take on the two intending passengers, drove suddenly upon the track, and that whatever may have been defendant's negligence in regard to excessive speed prior to that moment, there was not time to stop the car after his danger had been perceived. The instruction requested by defendant, above quoted, should have been given.

5. In *Peterson* v. *Standard Oil Co.,* 55 Or. 511 (106 Pac. 337), we held that the violation of a State statute prescribing a certain degree of care for the protection of the public was negligence *per se,* but we there intimated that such a construction should not be placed upon the mere by-laws of a municipal corporation. The violation of such ordinances is mere evidence of negligence, and such for a long period has been the holding in this State: *Beck* v. *Vancouver Ry. Co.,* 25 Or. 40 (34 Pac. 753).

Judgment of the circuit court is reversed, and a new trial granted.                                   REVERSED.