Argued October 27, affirmed November 23, 1915.

## TWITCHELL v. THOMPSON.*

(153 Pac. 45.)

**Appeal and Error—Harmless Error—Challenges to Jurors.**

1. Where the court wrongfully overrules a challenge to a juror for cause, but the objecting party peremptorily challenges such juror, the error was cured.

---

*On relationship to private corporation or association for profit which will disqualify a juror in a civil action in which it is interested, see note in 40 L. R. A. (N. S.) 978.

On applicability of doctrine of last clear chance where danger not actually discovered, see notes in 55 L. R. A. 418; 36 L. R. A. (N. S.) 957.                REPORTER.

Jury—Challenge—Interest.

2.   Where, in an action for personal injuries, the defendant was president of a bank in which one juror was a depositor, while two others were its debtors for considerable sums, the retention of such jurors over plaintiff's objection was proper, since the indirect relationship of the jurors to the defendant was not such as to disqualify them, as a matter of law; the propriety of their sitting being a question of fact for the trial court, not reviewable in the absence of an abuse of discretion.

Municipal Corporations—Streets—Automobile Accident—Last Clear Chance.

3.   Where defendant drove his automobile into plaintiff, whose own negligence had put him in peril, defendant was not liable under the doctrine of last clear chance unless he actually did discover plaintiff's danger in time to avoid the accident, not merely because he should have so discovered the danger.

[As to concurrent negligence of plaintiff as defeating recovery under last clear chance doctrine, see note in **Ann. Cas. 1912B,** 888.]

From Umatilla: GILBERT W. PHELPS, Judge.

In Banc.   Statement by MR. JUSTICE BENSON.

This is an action by Sharon Arnold Twitchell, by L. E. Twitchell, his guardian *ad litem*, against W. L. Thompson, for personal injuries.   The complaint, so far as it is of interest in the consideration of the case, reads thus:

"That on the 23d day of July, 1914, the plaintiff, Sharon Arnold Twitchell, while using the public street of said City of Pendleton, in a lawful way and riding on a bicycle upon the same, came down Court Street from the east and turned around the corner of Court and Lee Streets to the north, riding in a lawful manner on the right-hand side of the street, as required by the ordinances of said city, and while so lawfully riding upon and using said street he was run down by the defendant in an automobile by reason of the negligence hereinafter set forth.   That said defendant, driving a heavy automobile came east on Lewis Street, a street one block from Court Street, and running parallel with Court Street and turned to the right into Lee Street and came down Lee Street with the intention of turning again to the right into Court Street and going west

on Court Street. That instead of turning at the curb and close to the curb on the right-hand side as the defendant turned into Lee Street, he negligently and carelessly crossed said street onto the left-hand side of Lee Street, and negligently and carelessly came down Lee Street on the left-hand side of said street, and negligently and carelessly ran said automobile along said street on the left-hand side at a dangerously high rate of speed, very much in excess of 15 miles per hour, and negligently and carelessly failed to slack up as he came close to the intersection of Court Street, and negligently and carelessly failed to slacken his speed to 10 miles an hour or to slacken his speed at all, as he came to the turn into Court Street. The plaintiff was in plain sight coming along the east side of Lee Street, and that defendant either did see him or could have seen him with the exercise of reasonable care and would have seen him with the exercise of such care, and that said defendant, either negligently and carelessly failed to keep a lookout in front of him as he was driving his car, or negligently and carelessly failed to slack up and stop when he saw the plaintiff in front of him on said bicycle, and negligently and carelessly continued to run said automobile down toward the plaintiff and upon and over the plaintiff, although the plaintiff was in plain sight as aforesaid, and although the said defendant could plainly see that the plaintiff was in danger and would not be able to get out of the way. That by reason of all and singular of the acts of negligence upon the part of the defendant herein stated, he struck the plaintiff and the wheel which plaintiff was riding, and threw plaintiff down and ran against plaintiff with great force and violence whereby plaintiff was greatly and greviously bruised and injured in his body, limbs, and upon his head, and his skull was partly broken and crushed, and his brain and back and spinal cord were injured, and plaintiff was greatly cut and disfigured and suffered great pain and agony, and his limbs and body were, and always will continue to be, partly paralyzed, and his mind was and always will continue to be affected, and his memory will be affected,

whereby plaintiff will be deprived of the power of enjoying many of the pleasures and comforts of life, and will continue during all his life to suffer great physical and mental pain and agony, all to his damage in the full sum of $30,000.''

The answer, after some admissions as to the age of plaintiff, the guardianship, the location of the streets and other matters, denies all the allegations of negligence upon the part of defendant, and in an affirmative defense alleges that the injuries suffered in the accident by plaintiff were the result of his own negligent and wrongful acts. The reply joins issue upon the affirmative matter in the answer. From a judgment in favor of defendant, plaintiff appeals.      AFFIRMED.

For appellant there was a brief over the names of *Mr. Alfred S. Bennett* and *Messrs. Fee & Fee,* with an oral argument by *Mr. Bennett.*

For respondent there was a brief over the names of *Messrs. Raley & Raley* and *Mr. Frederick Steiwer,* with an oral argument by *Mr. James H. Raley.*

MR. JUSTICE BENSON delivered the opinion of the court.

1, 2. The assignments of error raise but two questions for our consideration. The first of these relates to the action of the trial court in overruling plaintiff's challenge for cause of three jurors. The examination of these men on *voir dire* discloses that the defendant was then president of a bank in Pendleton; that the juror Folsom was a depositor therein; and that the jurors Eldridge and Butler were debtors of the bank for considerable sums. When the challenge as to Folsom was overruled plaintiff had not exercised any of his peremptory challenges and did not use one upon

this juror.   At the time the court passed upon the challenges as to the jurors Eldridge and Butler the plaintiff still had two peremptory challenges available and employed them in dismissing these two men from the jury.   We think that the  question as to the  jurors Eldridge and Butler is disposed of by the decision of this court in the case of *State* v. *Humphrey,* 63 Or. 540 (128 Pac. 824), from which we quote:

"It is well settled that, although the court sitting in the trial of the cause may have erred in overruling a challenge for cause, yet the error is cured by the exercise of a peremptory challenge against the juror in question."

As regards Folsom, the alleged error of the court in retaining him as a juror over plaintiff's objection, and, indeed, as to all three of the jurors named, this court has answered such objections quite fully in the case of *Harrison* v. *Pacific Ry. & Nav. Co.,* 72 Or. 553 (144 Pac. 91), in which we read thus:

"The alleged bias of the jurors of which the defendant complains consisted in the fact that the plaintiff was the president and principal owner of a bank in Tillamook, which was patronized by at least nine of the jurors who sat in the trial of the case.   They were either depositors in the bank or owed it small sums of money, and all declared in substance, on *voir dire,* that the indirect relation they sustained to the plaintiff by virtue of their business dealings with the bank with which he was connected would not influence them in their decision of  the case.   This feature was  elaborated by the examination of the jurors in question and over the objection of the defendant the court accepted them for the trial of the cause. * * We cannot say as a matter of law that the relationship described above disqualified the jurors.   The propriety of such men acting in that capacity is a question of fact to be determined by the trial court from all the evidence, and

78 Or.—19

unless an abuse of discretion clearly appears, we cannot overturn its conclusion. The men themselves were before the court. The judge observed them and under such circumstances was far more capable of determining whether they would act impartially than we who only see the paper record.''

3. We now come to a consideration of plaintiff's second contention, which is that the trial court erred in its refusal to give two instructions which were requested by appellant, and in giving one to which plaintiff objected. It is not necessary to set these out in full for the one point urged is that, in the application of the doctrine of ''last clear chance'' the defendant should be held liable for the injuries incurred, if after he saw plaintiff's danger, or if in the exercise of ordinary care he could have discovered it, he might still have avoided the accident. The instruction as given by the court would have been satisfactory to plaintiff if it had contained the words, ''or if in the exercise of ordinary care he could have seen him on said street.'' However, this court has definitely adopted the doctrine expressed by the Supreme Court of California in the case of *Herbert* v. *Southern Pacific Co.,* 121 Cal. 227 (53 Pac. 651), in which Mr. Justice TEMPLE says:

''Doubtless, notwithstanding the negligence of a plaintiff has put him in peril, yet if his danger is perceived by the defendant in time, so that by the exercise of ordinary diligence on his part injury can be avoided, the defendant will be held for the injury. But that is based upon the fact that a defendant did actually know of the danger—not upon the proposition that he would have discovered the peril of the plaintiff but for remissness on his part. Under this rule, a defendant is not liable because he ought to have known.''

In the case of *Stewart* v. *Portland Ry. L. & P. Co.,* 58 Or. 377 (114 Pac. 936), Mr. Justice McBRIDE says:

"In order to invoke the 'last clear chance doctrine,' plaintiff must plead and prove that defendant, after perceiving the danger and in time to avoid it, negligently failed to do so."

This statement of the law has been approved and followed in the cases of *Scholl* v. *Belcher*, 63 Or. 310 (127 Pac. 968); *Richardson* v. *Portland Ry. L. & P. Co.*, 70 Or. 330 (141 Pac. 749). The court therefore did not err in refusing to instruct the jury in accordance with plaintiff's theory. Finding no error in the record, the judgment of the lower court is affirmed.

Affirmed.