Argued January 9, reversed January 29, rehearing denied February 26, 1918.

PROVO *v.* SPOKANE, P. & S. RY. CO.*

(170 Pac. 522.)

Railroads—Injuries to Person—Climbing Between Cars—Discovered Peril.

1.  Evidence *held* sufficient to support a finding that defendant railroad knew that plaintiff was climbing through between freight-cars when it was starting the train, and could have avoided the injury.

Railroads—Starting of Train—Discovered Peril—Knowledge of Employee.

2.  Where plaintiff was climbing between freight-cars, and was injured by the first start of the train, to recover for discovered peril, it is necessary that the engineer, fireman, or the brakeman giving the signal to start knew of his perilous position; it not being sufficient

---

*For authorities discussing the question of liability of railroad company for act of employee in inviting pedestrian to cross train obstructing highway, see notes in 13 L. R. A. (N. S.) 1071; 34 L. R. A. (N. S.) 469.                                                        REPORTER.

that some other brakeman or employee knew of his being between the cars.

**Railroads—Injuries to Person Between Cars—Misleading Instructions.**

3.   Where plaintiff was injured between freight-cars by first movement of starting train, an instruction that if employees in charge of the freight "or" engaged in assisting in directing its movement knew of his peril, to find for plaintiff was misleading, because of the word "or," as the jury might have applied the doctrine of discovered peril if any trainman knew of plaintiff's position.

[As to passing over, under or between cars obstructing crossing as negligence, see note in Ann. Cas. 1912B, 687.]

**Trial—Instructions—Curing Error.**

4.   Where an instruction which would have permitted recovery for discovered peril for injuries incurred by the first movement of a train in starting if any of the trainmen knew of his peril was repeated twice, and several other instructions required unqualifiedly that recovery be had if defendant had knowledge of his peril, such instruction was not cured by a proper instruction in the charge, especially where the evidence would warrant a finding that an employee not starting or signaling the train to start was the only one knowing of plaintiff's peril.

**Appeal and Error—Matters Reviewable—Instructions—Exceptions.**

5.   A general exception is sufficient to reserve a contention that an instruction is misleading as applied to the facts proved by the evidence.

**Appeal and Error—Curing of Error—Evidence—Bill of Exceptions.**

6.   Where bill of exceptions does not contain all the evidence, but "is certified to contain * * evidence necessary for the presentation of the exceptions," and it affirmatively appears that there is error, the presumption is that the error was not cured, and was harmful.

From Clatsop: JAMES A. EAKIN, Judge.

Action by Charles Franklin Provo against the Spokane, Portland & Seattle Railway Company, a corporation, to recover damages for a personal injury. From a verdict and the consequent judgment in favor of plaintiff, defendant appealed. Reversed and new trial ordered.

Department 2.   Statement by MR. JUSTICE McCAMANT.

This is an action brought to recover damages for a personal injury sustained by plaintiff August 26, 1916. On the day in question plaintiff was on the dock of the Great Northern Pacific Steamship Company at Flavel.

He desired to take one of the defendant's trains bound for Astoria. A freight train consisting of twenty-six cars was on one of the defendant's tracks between the dock and the track on which the passenger train was approaching. Plaintiff alleged and testified that one of the brakemen in charge of the freight train instructed him to cross between two freight-cars; that while plaintiff was so crossing, the defendant with full knowledge of plaintiff's perilous situation started the freight train, causing the injuries of which plaintiff complains. The defendant's witnesses denied that any invitation was given plaintiff or that they had any knowledge of his whereabouts when the train started. The defendant set up contributory negligence as an affirmative defense. The jury found for plaintiff and defendant appeals from a judgment entered on this verdict.          REVERSED. NEW TRIAL ORDERED.

For appellant there was a brief over the names of *Mr. Charles A. Hart* and *Messrs. Carey & Kerr*, with an oral argument by *Mr. Hart.*

For respondent there was a brief over the name of *Messrs. Norblad & Hesse*, with an oral argument by *Mr. Frank C. Hesse.*

MR. JUSTICE MCCAMANT delivered the opinion of the court.

1. Defendant assigns error on the giving of the following instruction:

"That, if you find from the evidence in this case that plaintiff was guilty of negligence in crawling or climbing or attempting to crawl or climb through the defendant's said freight train and between two box-cars thereof and in assuming and placing himself in the position as he did, but that his negligence had come

to an end, nevertheless, if you further find from the evidence in this case that the defendant or its officers, agents, servants or employees, in charge of said freight train or engaged in, assisting in, and directing the moving and switching thereof, actually knew of plaintiff's said presence between said two box-cars or had actual notice and knowledge of his apparent perilous position which he had assumed or in which he had placed himself, and if you further find from the evidence in this case that the defendant had ample time and opportunity to avoid injuring this plaintiff by either giving notice or warning him that said train was about to be moved, backed or set in motion, or by having said train remain in a stationary position until plaintiff had extracted himself from between said cars and from his said perilous position, then, I charge you it was defendant's duty to exercise a reasonable amount of care towards this plaintiff and to make use of all reasonable means to prevent injuring this plaintiff.''

It is argued that the evidence lays no foundation for the doctrine of discovered peril and that it was error to submit the question to the jury. Plaintiff testified that the brakeman who had invited him to cross the freight train was looking right down at him when the invitation was given; that plaintiff started through and as he stepped on the coupling the train backed up and caught his foot. It is inferable from the testimony that the invitation was acted on without delay; plaintiff testified that the brakeman told him to hurry. The jury was entitled to find from this evidence that the brakeman saw plaintiff as he stepped between the cars: *Lowden* v. *Pennsylvania Co.,* 41 Ind. App. 614 (82 N. E. 941); *Chicago & E. I. Ry. Co.* v. *Hedges,* 118 Ind. 5 (20 N. E. 530, 533); *Henderson* v. *St. Paul etc. R. Co.,* 52 Minn. 479 (55 N. W. 53, 54); *Irvin* v. *Gulf etc. Ry. Co.* (Tex. Civ. App.), 42 S. W.

661, 664. The testimony of the defendant established that R. R. Hinds was the only brakeman on that part of the train which plaintiff endeavored to cross. The engineer testified that the train was started on a signal given him by Hinds. The foregoing evidence was sufficient to take the case to the jury on the question of whether the defendant could have avoided the injury by the exercise of due care after it became aware of the perilous position of plaintiff: *Smith* v. *Southern Pacific Co.*, 58 Or. 22, 36 (113 Pac. 41, Ann. Cas. 1913A, 434); *Plinkiewisch* v. *Portland Ry., L. & P. Co.*, 58 Or. 499, 503 (115 Pac. 151); *Richardson* v. *Portland Ry., L. & P. Co.*, 70 Or. 330, 336 (141 Pac. 749); *Twitchell* v. *Thompson*, 78 Or. 285, 290, 291 (153 Pac. 45).

2. It is the teaching of the cases last cited that the doctrine of discovered peril is applicable only where defendant has actual knowledge of plaintiff's perilous position. Applying this principle to the facts of the instant case, plaintiff is not entitled to recover on this ground without showing that the engineer or fireman who started the train, or the conductor or brakeman who gave the signal to start, was advised of the position of plaintiff at the time when the signal was given or when the train started: *Andrews* v. *Central Railroad & Banking Co.*, 86 Ga. 192 (12 S. E. 213, 10 L. R. A. 58). The defendant has many agents and employees. It would be manifestly unjust to charge it with the duties arising under the doctrine of discovered peril because some agent or employee of the defendant knew of plaintiff's position between the cars, unless such agent or employee participated in the movement of the train which caused plaintiff's injury. Plaintiff testified that he was injured on the first movement of the train. We are therefore not concerned in

this case with the question of whether the train could have been stopped in time to prevent the injury of plaintiff, after his presence between the cars became known to those who were moving the train.

The general rule is that plaintiff's contributory negligence is a bar to his right of recovery. The doctrine we are discussing is an exception to that rule grounded on the humane principle that it is the duty of every man to avoid injuring another when he can do so by the exercise of due care, even though that other has been at fault in putting himself in a position of peril. In this jurisdiction it is firmly established that this principle is applicable only where the party in control of the instrument which caused the injury was aware of plaintiff's peril at a time when it was within his power to avert the injury.

3. The instruction quoted above is not to be harmonized with the foregoing principles. The jury was permitted to apply the doctrine of discovered peril if it found that the position of plaintiff was known to agents or employees of the defendant other than those who moved the train. The language of the instruction was in part:

"If you further find * * that the defendant *or* its officers, agents, servants or employees in charge of said freight train *or* engaged in, assisting in and directing the moving and switching thereof, actually knew of plaintiff's said presence * * ."

The use of the disjunctive "or" was misleading to the jury. The instruction required the jury to apply the doctrine of discovered peril, and so to exonerate the plaintiff from the blame of his own negligence, if actual knowledge of his dangerous situation was brought home, not merely to any of the men in charge of that train, but also to any other of defendant's

employees whatever his station or duty whose knowledge was imputable to the company. If the train had not moved plaintiff would not have been hurt. The imminence of his peril was due to the position he had assumed and the movement of the train while he was in that position. The instruction directed the jury to apply the doctrine of discovered peril if any trainman knew of the position of plaintiff, even though such trainman did not know that the train was to move immediately and did not participate in moving it. The case is to be distinguished from those numerous cases wherein the train was in motion when plaintiff assumed a position of danger. In these latter cases the defendant is properly chargeable with the knowledge of all its agents who have power to stop the train. In this case the first movement of the train caused the injury. There was ample evidence to justify the jury in finding plaintiff guilty of contributory negligence. In order that plaintiff could recover, if he were found to have contributed to his own injury, it was necessary for him to show that one or more of the particular employees who moved the train were aware of his perilous position at the time the train moved.

4. It is true, as contended by plaintiff, that instructions are to be read *in pari materia* and a reversal will not be ordered if the instructions as a whole fairly submit the issue to the jury, even though the language of the court be inaccurate in a single instruction: *Wellman* v. *Oregon Short Line etc. Ry. Co.,* 21 Or. 530, 539 (28 Pac. 625); *Matlock* v. *Wheeler,* 29 Or. 64 (40 Pac. 5, 43 Pac. 867); *Farmers' Bank* v. *Woodell,* 38 Or. 294, 306 (61 Pac. 837, 65 Pac. 520); *State* v. *Mizis,* 48 Or. 165, 181 (85 Pac. 611, 86 Pac. 361); *State* v. *Megorden,* 49 Or. 259, 269 (88 Pac. 306, 14 Ann.

Cas. 130); *Blue* v. *Portland Ry., L. & P. Co.,* 60 Or. 122, 131–133 (117 Pac. 1094); *Thornton* v. *Portland Ry., L. & P. Co.,* 63 Or. 478, 486 (128 Pac. 850); *Astoria Southern R. Co.* v. *Pacific Surety Co.,* 68 Or. 569, 586, 587 (137 Pac. 857).

Testing the above instruction by this rule, we are unable to see that the error was cured. It is true that the court instructed the jury as follows:

"If, however, the men in charge of operating the train were aware of the fact that someone was climbing under or through the train and was in a position to receive injury if the train was started, it would be the duty of such employees to see that such person was out of danger before starting the train."

This was correct as far as it went. But the court followed it with the instruction above quoted and the objectionable part of the instruction was repeated twice. In two other portions of the charge the jury was instructed without qualification to apply the doctrine of discovered peril if the defendant knew of the dangerous situation of plaintiff.

The evidence strengthens the presumption that the jury was misled. It appears that Mr. Kelly, defendant's agent at Flavel, was on a freight-car on the same part of the train as Brakeman Hinds. Mr. Hinds was present in court at the trial; plaintiff and the witness who corroborated his testimony were unable to identify Hinds as the man who gave the invitation. Kelly was not called as a witness, but Hinds testified that he (Hinds) had no knowledge of plaintiff's presence until after the accident. The jury may have believed this testimony and assumed that Kelly was the man who looked at plaintiff when he went between the cars. There is no evidence that Kelly participated in the movement of the train, yet the jury was in-

structed to treat Kelly's knowledge as equivalent to that of the defendant. It appeared that Kelly had authority to direct the moving and switching of trains at defendant's Flavel terminal.

The presumption that the jury was misled is strengthened by a further circumstance. There was evidence that R. R. Robinson, defendant's section foreman, saw plaintiff between the cars. The court instructed the jury that Robinson's knowledge would not charge the defendant with knowledge. No such instruction was given as to Kelly. The jury may well have found for plaintiff on the untenable ground that Kelly's knowledge was knowledge of the defendant within the doctrine of discovered peril. This we believe to be error.

5. Plaintiff contends that this question is not available to defendant for the reason that its exception was a general one. Plaintiff cites *Kearney* v. *Snodgrass,* 12 Or. 311, 317 (7 Pac. 309). This case is distinguished by Mr. Justice BEAN in *Nickum* v. *Gaston,* 24 Or. 380, 391 (33 Pac. 671, 35 Pac. 31). It is there held that a general exception is sufficient to reserve a contention that the instruction is erroneous or misleading as applied to the facts proved by the evidence. The instruction which we have quoted is objectionable on this ground.

6. The bill of exceptions does not purport to contain all of the evidence, but it "is certified to contain a full and correct record of the evidence necessary for the presentation of the exceptions" noted therein and urged in this court. As it appears affirmatively that there is error, the presumption is that the error was not cured and was harmful: *Du Bois* v. *Perkins,* 21 Or. 189, 191 (27 Pac. 1044); *Nickum* v. *Gaston,* 24 Or. 380,

392 (33 Pac. 671, 35 Pac. 31); *Lintner* v. *Wiles,* 70 Or. 350, 358 (141 Pac. 871).

The judgment is reversed and a new trial ordered.

REHEARING DENIED.

REVERSED. NEW TRIAL ORDERED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BEAN concur.