Argued March 3, affirmed June 23, 1965

# NIDAY *v.* TOMASINI

403 P. 2d 704

*Martin Schedler,* Portland, argued and reargued the cause and filed briefs for appellant.

*Thomas Cavanaugh,* Portland, argued the cause and *Duane Vergeer,* Portland, reargued the cause for respondent. On the brief were Vergeer & Samuels and Frederic P. Roehr, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

PERRY, J.

This is an action by the plaintiff to recover damages for personal injuries suffered when the motorcycle he was riding was struck by the automobile driven by the defendant.

The trial court directed a verdict for the defendant and the plaintiff appeals.

Southeast Foster Road, running generally east and west, and southeast 122nd avenue, running generally

north and south, intersect. Traffic at this intersection is controlled by a traffic light flashing red north and south, which requires traffic on southeast 122nd avenue to stop before entering the intersection. Traffic on Foster Road is warned to proceed cautiously by a flashing yellow light as there is a school crossing located at this intersection. Foster Road has a paved surface of 22 and ½ feet and 6 and ¼th feet gravel shoulders on each side. Southeast 122nd avenue has a paved surface approximately of the same width as Foster Road.

The plaintiff was proceeding south on southeast 122nd avenue and proceeded into the intersection without stopping. The defendant was proceeding east on Foster Road. The collision between the motorcycle and the motor vehicle occurred in the southwest quadrant of the intersection, in the lane of travel each vehicle was entitled to use in proceeding through the intersection.

The plaintiff in his complaint admits that he did not stop his motorcycle at the intersection as required in compliance with the traffic light. Having admitted his own negligence in this respect, he alleges that the defendant discovered the plaintiff's peril and failed to exercise reasonable and ordinary care to avoid the collision.

The plaintiff's theory of a right of recovery, then, is based upon a doctrine in the law of torts generally referred to as "the last clear chance," or "discovered peril."

In this jurisdiction, we have followed the theory that this doctrine is but an extension of proximate cause. In this light, the doctrine of last clear chance becomes applicable only when the evidence dis-

closes that (1) the primary negligence of the plaintiff has come to rest and (2) he is unable by ordinary care to extract himself from his dangerous position, and (3) thereafter a defendant with knowledge of the plaintiff's peril, with time to avert injury to the plaintiff, fails to use reasonable care to avoid the result. Under the above circumstances, the failure upon the part of a defendant to act is then considered the proximate cause of the accident and the negligence of the plaintiff but an existing condition.

■ In *Emmons v. Southern Pac. Co.*, 97 Or 263, 283, 191 P 333, we stated the last clear chance doctrine as follows:

> "It may be stated thus in brief that, notwithstanding the negligence of the plaintiff or injured party in getting into a situation of danger, yet if that negligence has spent itself so that it becomes a condition rather than a factor, and the agent inflicting the injury, notwithstanding his previous negligence, has arrived at knowledge and appreciation of the plaintiff's danger, and then fails to use such means as it has at hand to avoid the injury, it is liable for the consequent damage. Or, stating it differently, it is the possession of the last or only remaining chance to avert the injury that charges the defendant, if at all. *If simultaneously the plaintiff has a chance to escape the injury by exercising ordinary diligence, and does nothing to extricate himself from danger, the doctrine of last clear chance does not apply.* Such a situation is one where the negligence of the plaintiff continues in operation to and including the very moment of collision. In other words, it is a distinct instance of contributory negligence. It is settled by the decisions of this court that the rule of last clear chance applies only where the defendant has actual knowledge of the perilous position of the plaintiff: Stewart v. Portland Ry., L. & P. Co., 58 Or 377

(141 Pac. 936, 63 Am. & Eng. R. Cas. (N.S.) 794);
Twitchell v. Thompson, 78 Or 285, (153 Pac. 45);
Provo v. Spokane P. & S. Co., 87 Or 467 (170 Pac.
522)." (Emphasis ours).

The burden of establishing facts upon which this doctrine may operate is upon the plaintiff.

The plaintiff's evidence discloses that as he was riding a motorcycle in a southerly direction on southeast 122nd avenue he failed to stop at a stop sign, as required by the sign and traffic light at a point where 122nd avenue intersects southeast Foster Road; that he proceeded into the intersection at a speed of approximately five miles an hour and then at some point unknown accelerated into and across or from the westbound lane of Foster Road into the path of the defendant's car which was traveling east in the eastbound lane of Foster Road where the collision of the two vehicles occurred. Plaintiff travelled 30 feet from the stop sign to the point of impact.

The plaintiff's evidence also discloses that his failure to stop at the stop sign before entering the westbound lane for traffic on southeast Foster Road may have been due to the fact that he was riding a motorcycle with a different gearshift action from that to which he was accustomed. There is no evidence that defendant had any knowledge of plaintiff's inability to control his motorcycle. There is evidence that the defendant observed the plaintiff at some point for he did apply his brakes 50 feet before the collision occurred.

It is the contention of the plaintiff that his negligence in failing to stop at the stop sign had spent itself and he was in a position of danger, therefore, the subsequent negligence of the defendant in failing

to appreciate plaintiff's peril and then to avoid him was the sole proximate cause of the accident.

■ The principal difficulty with plaintiff's position is that the doctrine of last clear chance rests upon proof of facts from which reasonable men can conclude that the defendant had a reasonable opportunity after discovery of the plaintiff's peril, by reasonable care and with the means at hand, to avoid injurying the plaintiff.

Under the facts of this case, it would be impossible for the defendant to know what move the plaintiff was going to make to extricate himself from the position in which his own negligence had placed him. The plaintiff might have swerved to his right and the defendant to his left and a collision would have occurred; or if plaintiff swerved to his left and defendant also swerved to his left the collision would have occurred.

■ Where, as in this case, each driver is in control of a vehicle which is moving and each driver has an opportunity to avoid colliding with the other, it would be pure speculation as to who had the last clear chance to avoid the collision.

One driver cannot say, "We were both negligent in the control of our vehicles, but you alone are responsible because I drove to the point of the collision before you did and you should have missed me."

■ The rule of law is well settled in this state that concurrent negligence of a plaintiff continuing up to the time of injury bars recovery under the doctrine of last clear chance. *Falls v. Mortensen*, 207 Or 130, 141, 295 P2d 182; *Morser v. Southern Pacific Co. et al.*, 110 Or 9, 222 P 736; *Emmons v. Southern Pac. Co.*, supra.

The trial court, therefore, correctly instruced the jury to return a verdict for the defendant.

Affirmed.

DENECKE, J., specially concurring.

I concur in affirming the majority's decision that the trial court was correct in directing a verdict for defendant. I do not join in the majority opinion because it is couched in words and phrases which I believed we had, and should have, discarded as misleading and inaccurate. The concurring opinion in *Hills v. McGillvrey,* decided June 3, 1965, indicates that a majority of the court does not believe that problems of this kind are best solved in the terminology of "proximate cause," "condition rather than a factor," etc. Such phrases as "the primary negligence of the plaintiff has come to rest," "negligence has spent itself," and "continuing negligence" also are misleading and inaccurate and were criticized in *Palmer v. Murdock,* 233 Or 334, 378 P2d 271 (1963).

I also believe that it is advisable specifically to distinguish or overrule *Palmer v. Murdock,* supra. In my opinion the case is distinguishable. That decision was made upon the basis of opening statements. Plaintiff stated that when defendant discovered plaintiff's peril, plaintiff was in a position of danger from which he could not extricate himself. Our decision was that plaintiff should have the opportunity of introducing evidence that that was the fact. In the instant case there is no evidence from which a jury could find that plaintiff was in a static or passive position from which he could not free himself, while defendant had an opportunity to avoid the collision by the use of reasonable care.

O'CONNELL, J., dissenting.

There was evidence from which the jury could conclude that defendant had a last clear chance to avoid the injury. The trial judge apparently disposed of the case upon the basis of a statement in the concurring opinion of Lusk, J., in *Palmer v. Murdock,* 233 Or 334, 344, 378 P2d 271 (1963), where it was said, "I have grave doubt whether the last clear chance doctrine can ever be applied to a case involving a collision between two automobiles in an intersection of streets under circumstances similar to those described in the opening statement of counsel for the plaintiff." The concurring opinion then quoted from 61 CJS 123, Motor Vehicles § 493 to the effect that generally the last clear chance doctrine is inapplicable if the plaintiff's negligence "continued" up to the time of the accident and concurred in the negligence of the motorist as a "proximate cause" of the injury.

A majority of the department of the court which sat in *Palmer v. Murdock,* supra, did not accept the view expressed in the concurring opinion of Lusk, J. The majority opinion was based upon the premise that the last clear chance doctrine can be applicable to an intersection collision case. The majority opinion also criticized the use of notions such as "continuing negligence" and "proximate cause" in the application of the last clear chance doctrine. The opinion in the present case perpetuates the notion that negligence can be described in terms of being "active" and "continuing" and not having "spent itself." This language is not helpful and is likely to obscure the real question involved in the last clear chance cases. Negligence is not something that is spendible. The plaintiff is negligent or he is not—his negligence does not stop

once he has engaged in substandard conduct. The question is whether a negligent plaintiff is in a position of peril from which he cannot extricate himself and if he is, whether a negligent defendant could have avoided the injury to the negligent plaintiff. Fundamentally, the doctrine of last clear chance is merely a judicially created device to ameliorate the hardship which may be visited upon the plaintiff by the doctrine of contributory negligence. The jury has been entrusted with the task of applying the community standard of conduct in negligence cases. The court should let the jury perform this task unless it is absolutely clear that there is no room for the jury's judgment. In the present case the jury should have been allowed to look at both defendant's and plaintiff's negligence and to decide whether defendant could have avoided the injury to an admittedly negligent plaintiff.

SLOAN, J., joins in this dissent.