Mohammed SELH, Plaintiff-Appellant,

v.

MOORE–McCORMACK LINES, INC., Defendant-Appellee.

No. 358, Docket 29614.

United States Court of Appeals Second Circuit.

Argued May 4, 1966.

Decided June 21, 1966.

Jacob Rassner, New York City (Herman N. Rabson, Alan C. Rassner, New York City, on the brief), for appellant.

Joseph M. Cunningham, New York City (Kirlin, Campbell & Keating, New York City, Robert C. Mirone, New York City, on the brief), for appellee.

Before LUMBARD, Chief Judge, and MOORE and FRIENDLY, Circuit Judges.

MOORE, Circuit Judge:

Plaintiff-appellant, Mohammed Selh, brought this action against defendant-appellee, Moore-McCormack Lines, Inc., to recover damages for injuries allegedly sustained on December 27, 1957 while employed as a seaman aboard the S. S. Mooremacoak. Plaintiff claimed that on that day hot bunker fuel oil under high pressure escaped from defective valves inflicting burns on his face and chest and causing him to inhale the oil fumes. He also asserted that

exposure to the oil and its fumes aggravated a pre-existing dormant cancerous condition in his larynx, which was removed in 1959, after the plaintiff had terminated his service on the vessel. The trial court in a clear and accurate charge, to which no exception was taken, submitted the case to the jury requesting answers to seven interrogatories. The pertinent questions were (1) was defendant negligent in failing to provide plaintiff with a reasonably safe place to work with respect to the condition of the valves on the burner? Answer: No; (2) was the vessel unseaworthy because of the condition of the valves on the burner? Answer: No; and (3) was defendant negligent in failing to provide plaintiff with prompt and adequate medical treatment? Answer: No. Other questions dealt with proximate cause, contributory negligence and damages, matters which the jury never reached due to its findings on the threshold questions. In light of the jury verdict, it is unnecessary for this Court, in passing on the appeal with respect to the claims of negligence and unseaworthiness, to consider the propriety of the district court's rulings concerning the admission and exclusion of testimony by medical experts and others relating to whether plaintiff's exposure to the hot fuel oil could have aggravated a dormant cancer in his larynx. Since the jury found that there was no negligence and no unseaworthiness, they did not answer the questions relating to proximate cause and, hence, these evidentiary rulings, whether erroneous or not, afford no basis for reversal. Fed.R.Civ.P. 61.

Plaintiff also presented a claim for maintenance and cure on the sole ground that his cancerous condition manifested itself while he was in the service of the S. S. Mooremacoak. At trial he claimed that cancer symptoms (hoarseness and difficulty in swallowing food) were apparent before he left the ship on July 31, 1958. Defendant, in turn, produced evidence showing that plaintiff did not seek medical aid for his throat until January 1959. The trial court submitted the question, "Is the plaintiff entitled to maintenance and cure?" to the jury and charged as follows: "Plaintiff had the burden of proving * * * that he was injured or taken ill during his service on the ship and that the illness manifested itself to entitle him to maintenance and cure." The trial judge concluded by saying, "The question of whether the illness manifested itself on board the ship * * * is for you to decide." The plaintiff made no objection to the charge and the jury answered the maintenance and cure question in the negative.[1]

On appeal, plaintiff contends that the district court erred in failing to direct a verdict in his favor on the maintenance and cure issue. However, the record clearly shows that the evidence submitted presented a question appropriate for the jury's consideration, namely, did the illness manifest itself while plaintiff was in the ship's service.

Although the plaintiff might have been entitled to have the jury rule on maintenance and cure for aggravation of a latent condition, see Rocco v. Luckenbach S. S. Co., 1963 A.M.C. 2545, 2548–2551 (S.D.N.Y.1963); Brahms v. Moore-McCormack Lines, Inc., 133 F.Supp. 283, 286 (S.D.N.Y.1955), this theory was not pressed at trial and no instruction to that effect was requested; and plaintiff's counsel did not allude to this theory on appeal. The issue therefore cannot properly be noticed by this court since the record reveals that there is no sufficient likelihood that a miscarriage of justice resulted. F.R.Civ.P. 51; Blier v. United States Lines Co., 286 F.2d 920, 922 (2 Cir.), cert. denied, 368 U.S. 836, 82 S.Ct. 32, 7 L.Ed.2d 37 (1961); see 5 Moore, Federal Practice ¶ 51.04 (1964).

The judgment of the district court is affirmed.

---

1. A collateral issue of knowing concealment of plaintiff's physical condition was also submitted to the jury but there is no way of ascertaining whether this was a factor in their denial of recovery under the district court's charge.