Argued June 8, affirmed September 7, 1967

ROTHROCK, *Appellant, v.* McCOLLISTER, *Respondent.*

431 P. 2d 266

*Donald C. Walker,* Portland, argued the cause and filed a brief for appellant.

*Cleveland C. Cory,* Portland, argued the cause for respondent. With him on the brief was Clarence R. Wicks, Portland.

Before PERRY, Chief Justice, and SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

GOODWIN, J.

A pedestrian crossing a highway was injured by an automobile and brought this action against the defendant motorist. From a judgment for the defendant, the plaintiff appeals.

The assignments of error challenge the refusal of the trial court to instruct the jury upon the plaintiff's theory of "last clear chance."

The question for decision is whether the court must instruct upon an issue, and a legal theory, for which there is some support in the evidence, but for which there is no foundation in the pleadings. For the purposes of this appeal we assume, without deciding, that evidence can be found in the record to support

the plaintiff's theory that the defendant discovered the plaintiff's peril and thereafter, by the exercise of due care, could have avoided injuring the plaintiff.

██ A plaintiff need not, in his complaint, anticipate that his own negligence will be asserted in the defendant's answer, but if the issue of last clear chance is to be submitted to the jury, the facts which will tender that issue must be alleged at some stage of the pleadings. See Comment, 19 Or L Rev 178, 181 (1940). See, also, holding that facts within the last-clear-chance doctrine must be pleaded as well as proven, *Marshall v. Olson,* 102 Or 502, 511, 202 P 736 (1922); *Stewart v. Portland Ry., L. & P. Co.,* 58 Or 377, 381, 114 P 936 (1911).

■ If the issue of the plaintiff's own negligence appears for the first time in the answer, as is commonly the case, the reply is the proper pleading in which to introduce an allegation that the defendant discovered the plaintiff's peril and thereafter had a reasonable opportunity to avoid injuring the plaintiff. See *Niday v. Tomasini,* 240 Or 589, 594, 403 P2d 704 (1965), for the factual elements that will invoke the doctrine of last clear chance.

In the case at bar, the complaint says only that the defendant was guilty of negligence in "failing to stop, swerve or otherwise avoid the collision after discovering plaintiff was crossing said highway." The defendant denied negligence and affirmatively alleged contributory negligence. The plaintiff by reply denied the allegations of contributory negligence.

■ The trial court took these pleadings at face value and submitted to the jury the issues thus made. There was no error in so doing. The mere allegation that the defendant was guilty of negligence after discovery of the plaintiff's presence on the highway was not

an allegation that the defendant had discovered the plaintiff's peril and thereafter had a reasonable opportunity to avoid injuring the plaintiff but failed to act reasonably to do so.

■■ In view of the broad discretion vested in trial courts to allow amendments in the pleadings, it is reasonable to expect litigants to put each other on notice in the pleadings concerning the factual issues and relevant legal theories rather than to attempt to do so for the first time in the requested instructions.

■ The plaintiff contends that by pleading negligence on the defendant's part "in failing to stop, swerve or otherwise avoid the collision after discovering plaintiff was crossing said highway," the complaint sufficiently notified the defendant that the doctrine of last clear chance was in the case, and that an instruction on that theory was therefore mandatory. The plaintiff's reliance on the words "after discovering plaintiff was crossing said highway" is misplaced. In most accidents there may be a moment of discovery, by one or more of the parties, at some time before the impact. It is not merely the discovery of the other's peril that invokes last-clear-chance liability. In addition to discovering the peril in which a plaintiff has placed himself, a defendant to be charged with last-clear-chance liability must also have the time and a reasonable opportunity to act and then fail to act as a reasonable person in the circumstances.

The last-clear-chance doctrine has been rationalized as a "humanitarian" one to avoid the harsh effect of contributory negligence, as a variation upon a theme of "proximate cause," and sometimes as a doctrine analogous to others which weigh culpability in such terms as "wantonness." See 2 Harper & James, The Law of Torts 1241-1263 (1956). But the practical

question in each case is whether the defendant discovered, or should have discovered, the plaintiff's predicament and then unreasonably conducted himself with relation to such discovered peril.

Under any rationalization of the theory, the defendant is entitled to a pleading that will put him on notice that "last clear chance" is in the case. There was no such pleading in this case.

Affirmed.