Argued September 10, affirmed October 16, 1968

GOFF, *Appellant, v.* RADI, INC., *Respondent.*

445 P. 2d 879

*Bernard Jolles,* Portland, argued the cause for appellant. On the brief were Franklin, Olsen, Bennett, Des Brisay & Jolles, Portland.

*Asa L. Lewelling,* Salem, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

GOODWIN, J.

Plaintiff appeals from a judgment on a directed verdict for the defendant in an action for damages arising out of a motor vehicle collision.

Viewing the evidence in the light most favorable to the plaintiff, the record would justify a finding that the plaintiff's brakes failed without warning and he found himself entering an intersection on a through highway without first stopping as required by a stop sign. His vehicle was moving about two miles an hour and, by his testimony, was out of control when it was struck by defendant's vehicle.

■ To avoid the force of his own negligence, plaintiff alleges that the defendant's driver's fault came within the doctrine of last clear chance. The plaintiff saw defendant's automobile some 500 feet away, while the plaintiff was entering the intersection. The plaintiff argues that the jury could infer from this evidence that the defendant's driver also saw the plaintiff at the same time. The defendant's driver testified, however, that he saw the plaintiff about 300 feet before the collision and thought the plaintiff was going to stop.

The directed verdict was error only if there was evidence to support the plaintiff's pleading of last clear chance. In order to make out a last-clear-chance case for the jury, a negligent plaintiff in Oregon must prove not only that he was in peril but that the defendant failed to use reasonable care to avoid the harm when he knew of and realized the plaintiff's peril. *Lindsey v. Southern Pacific Co.*, 240 Or 11, 14, 399 P2d 152 (1965). A more liberal rule, which this court has not adopted, would submit the issue if the defendant had reason to realize, or in the exercise of due care should have realized, the peril. See Restatement

(Second) of Torts § 479; and see *Palmer v. Murdock et al*, 233 Or 334, 378 P2d 271 (1963).

In *Niday v. Tomasini*, 240 Or 589, 403 P2d 704 (1965), we affirmed a directed verdict in a purported last-clear-chance case because there was no evidence that the defendant knew that the plaintiff was having trouble controlling a motorcycle which the plaintiff was riding for the first time.

■ In the case at bar, there may have been a jury question on the extent to which the plaintiff was helpless or in peril. But the defendant's driver could not have known that the plaintiff was in a helpless position.

Affirmed.