Robert M. SPELLACY, as Guardian ad Litem of Patrick James Spellacy, a minor, Appellant,

v.

SOUTHERN PACIFIC COMPANY and Ronald Burke, Appellees.

No. 23202.

United States Court of Appeals, Ninth Circuit.

June 9, 1970.

Richard C. Shanks (argued), Seattle, Wash., Duane A. Bartsch (argued), of Smart & Bartsch, Portland, Or., for appellant.

Delbert A. Weaver (argued), Alexander G. Brown, John R. Holman, James H. Clarke (argued), Wayne Hilliard, of McColloch, Dezendorf & Spears, Portland, Or., for appellees.

Before MADDEN, Senior Judge of the United States Court of Claims,* and HAMLEY and BROWNING, Circuit Judges.

HAMLEY, Circuit Judge:

Robert M. Spellacy, then fifteen years old, lost both of his legs at a point below the knees, when he fell under the wheels of a moving freight car in the Southern

* The Honorable J. Warren Madden, Senior Judge of the United States Court of Claims, sitting by designation.

Pacific Company's train yard in Portland, Oregon. Just prior to the accident Spellacy had been discovered as a trespasser and had been taken to an office in the yard. He had broken away from this custody and, at the time of the accident, was running through the yard with the company's Special Agent William Ray Horn and Portland Police Officer Ronald Burke in pursuit.

Acting through his guardian ad litem, Spellacy commenced this diversity suit against the Southern Pacific, and Officer Burke, to recover damages in excess of $1,500,000. The jury returned a verdict for defendants and the district court accordingly entered a judgment dismissing the action. This appeal followed.

■ Plaintiff argues that the act of Special Agent Horn in arresting Spellacy and taking him to a company office in the yard was unlawful. But plaintiff does not indicate wherein this led to error at the trial.[1] No useful purpose is served by discussing an abstract issue such as this which is unrelated to any claimed error by the trial court.[2] The same observations may be made concerning plaintiff's assertion that excessive force was used. In addition, no force whatever was used in the effort to regain custody of plaintiff.

Plaintiff next argues that Spellacy was a discovered trespasser and therefore Southern Pacific, owner of the property, owed him the duty of reasonable care. Thus, plaintiff contends, the trial court erred in instructing the jury, in effect, that the company would be liable only if its employees acted in reckless disregard for the safety of plaintiff.

■ If the trial court erred in failing to give an instruction to the effect that company liability could be predicated upon a failure to exercise reasonable care, such failure was not prejudicial. This is true because the jury found, in answer to a special interrogatory, that plaintiff's own conduct was in reckless disregard for his own safety under all the facts and circumstances of the case. *See* Kube v. Bethlehem Steel Corporation, 390 F.2d 506 (3rd Cir.1968) ; Selh v. Moore-McCormack Lines, Inc., 362 F. 2d 541 (2d Cir.1966). This would be a complete defense even though the company failed to use reasonable care.

■ Moreover, plaintiff charged the Southern Pacific and Officer Burke, not with common law negligence, but with willful and wanton disregard of plaintiff's safety. By pinning his hopes on this basis of liability plaintiff avoided the possibility that he would be denied recovery because of his own contributory negligence. Having attempted to avoid that possible pitfall, plaintiff is now in no position to claim the court erred in failing to instruct on common law negligence.

While plaintiff briefly discusses "Wanton Misconduct" in his brief, he does not relate that discussion to any claimed trial court error. The jury found, in answer to a special interrogatory, that neither Officer Burke nor the employees of the Southern Pacific were guilty of reckless disregard for the safety of plaintiff. Plaintiff does not argue that this finding is unsupported by substantial evidence.

■ Plaintiff next urges that contributory negligence is not a defense to willful and wanton misconduct. That may well be, but plaintiff does not show how that conclusion helps him here. The jury made no finding on mere contributory negligence, but found that plain-

---

1. For example, he does not contend that, with regard to this matter, the court gave an erroneous instruction, or failed to give a correct requested instruction. He does not argue that the jury verdict is unsupported by substantive evidence or that evidence pertaining to the arrest was erroneously received or rejected.

2. Moreover, the detention of Spellacy appears to have been lawful and there is no theory under which defendants could be held strictly liable for the events flowing therefrom.

tiff's conduct was more blameworthy than this, consisting of reckless disregard for his own safety. Moreover, it found that defendant did not act in disregard of the safety of plaintiff.

■ Plaintiff next argues that the trial court erred in instructing on both assumption of risk and reckless disregard by plaintiff of his own safety. One instruction having been given, the second was probably redundant. *See* Ritter v. Beals, 225 Or. 504, 358 P.2d 1080, 1088 (1961). However, we do not believe that in this case it was prejudicial to give both. The jury's special finding that plaintiff's own conduct was in reckless disregard of his own safety would, in all likelihood, have been the same even if only one of these instructions had been given.

Plaintiff asserts that the trial court erred in permitting defendant to amend the pretrial order at the end of the case to interject the issue of plaintiff's disregard of his own safety.

In the pretrial order which superseded the pleadings, "plaintiff's reckless disregard of his own safety" was specifically listed as one of Officer Burke's defenses. It was not originally listed as one of the company's defenses. But counsel for the company apparently assumed throughout the trial that this defense was available to the company as well as to Officer Burke. The trial court likewise seems to have proceeded on that assumption and announced, when the instructions were being settled, that this defense would be available to both defendants. The company later discovered that the defense was not expressly included in the statement of its contentions set out in the pretrial order. The court accordingly permitted the amendment of the pretrial order expressly to include this defense.

■ The pretrial order was made subject to amendment "to prevent manifest injustice." The trial court did not abuse its discretion in permitting the amendment under the indicated circumstances. Throughout the trial plaintiff was on notice that it had to meet this defense because it was relied upon by defendant Burke in his statement of contentions set out in the pretrial order. It would have been peculiar, indeed, if Officer Burke were to be allowed this defense, but not the company.

Plaintiff contends that the trial court erred in failing to instruct on last clear chance.

■■ In Oregon, the doctrine of last clear chance is not applied if the concurring negligence of a plaintiff continues up to the time of the injury. Niday v. Tomasini, 240 Or. 589, 403 P.2d 704 (1965). In the case before us the trial court apparently determined, for the purpose of deciding whether to give such an instruction, that Spellacy's reckless conduct continued up to the time he fell under the wheels of the freight car, thereby foreclosing last clear chance. We find no basis in the record to overturn that ruling.

■ Plaintiff asks us to invoke what he regards as an emerging more liberal principle of conflict of laws to give him, as a resident of the State of Washington, the benefit of Washington's last clear chance doctrine, which is more favorable to his case. However, we are not convinced that the courts of Oregon would, because plaintiff is a resident of Washington, apply the last clear chance rule of Washington in derogation of the more limited rule usually applied in Oregon. This is especially true since this case involves an Oregon accident and Oregon defendants. *See* Casey v. Manson Construction and Engineering Co., 247 Or. 274, 428 P.2d 898 (1967).

Plaintiff's remaining assertions of error have been considered, but we conclude that none of them entitles plaintiff to a reversal.

Affirmed.