Argued December 6, 1971, affirmed January 26, 1972

ROGERS, *Appellant, v.* VANCE, *Respondent.*

493 P2d 44

*Jason Lee,* Salem, argued the cause and filed the brief for appellant.

*Asa L. Lewelling,* Salem, argued the cause and filed the brief for respondent.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE and HOWELL, Justices.

HOWELL, J.

This is an appeal by plaintiff from a judgment entered on a jury's verdict for the defendant in an action for personal injuries. The action arose out of an accident occurring on August 4, 1969, when defendant's auto struck Penny Lee Rogers, a small child.

No transcript of the evidence was designated by the plaintiff. The plaintiff's only contention on this appeal is that the court erred in sustaining the defendant's demurrer to the plaintiff's amended reply alleging facts invoking the doctrine of last clear chance.

Plaintiff alleged violations of lookout, speed and control as acts of negligence against defendant. The defendant denied negligence and alleged contributory negligence in two respects:

"a) She ran suddenly from a place of safety into the path of defendant's vehicle when it was impossible for defendant in the exercise of reasonable care to avoid a collision.

"b) She failed and neglected to have, keep and maintain a lookout."

In her amended reply the plaintiff alleged:

"Plaintiff's negligence, if any, in crossing said road while defendant's vehicle was approaching ceased when there was reasonable opportunity for defendant to drive his motor vehicle behind plaintiff.

"Thereafter, plaintiff was unable by ordinary care to extract herself from the danger of defendant's oncoming vehicle.

"Defendant, with knowledge of plaintiff's peril and with time to avert injury to plaintiff, negligently failed to swerve his motor vehicle behind plaintiff and struck her while she was in a position of helplessness."

Defendant demurred to the reply on the grounds that (1) last clear chance should not be pleaded in a reply and (2) "in the factual situation set forth by plaintiff's complaint the position of last clear chance is not tenable."

■ The allegation of the last clear chance was properly pleaded in plaintiff's reply. In *Rothrock v. McCollister*, 247 Or 545, 431 P2d 266 (1967), the court stated that if the plaintiff's own negligence appears for the first time in defendant's answer—as it does in the instant case—the plaintiff's reply is the proper pleading to introduce an allegation that defendant discovered plaintiff's peril and thereafter had a reasonable opportunity to avoid injuring plaintiff.

■ Assuming, but without deciding, that defendant's reply alleged sufficient facts to invoke the doctrine of last clear chance, the plaintiff has not shown any prejudice as a result of the allowance of the demurrer to the reply. The plaintiff chose not to stand on the order sustaining the demurrer. On the contrary, the plaintiff proceeded with the trial of the case on issues raised by the complaint and the answer. In the oral argument before this court, the plaintiff admitted that she was not deprived of any evidence as a result of the court's ruling. The plaintiff's primary objection is that the order sustaining the demurrer prevented plaintiff from arguing last clear chance to the jury. As the plaintiff has not seen fit to designate a transcript of the evidence as part of the record on appeal, it is impossible for us to determine whether or not the facts would justify the application of the doctrine. Under this state of the record, plaintiff has not demonstrated any prejudice as a result of the court's allowance of the demurrer.

The judgment is affirmed.